# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 16, 2011

Lyle W. Cayce
Clerk

No. 10-50725
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONNIE KEITH KELLEY,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-69-2

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ronnie Keith Kelley appeals his convictions for two counts of aiding and abetting the use, carrying, or possession of a firearm during a bank robbery and one count of conspiracy to commit bank robbery. Kelley argues that the evidence was insufficient to establish that he aided and abetted the use of a firearm. He also argues that there was no evidence he conspired regarding the use, carrying, or possession of a firearm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Kelley failed to move for a judgment of acquittal, his sufficiency challenge is reviewed only for a manifest miscarriage of justice. *See United States v. Avants*, 367 F.3d 433, 449 (5th Cir. 2004). Such a miscarriage of justice occurs when the record is "devoid of evidence of guilt or the evidence [is] so tenuous that a conviction is shocking." *Id.*

A conviction for aiding and abetting requires proof "(1) that the defendant associated with the criminal venture, (2) participated in the venture, and (3) sought by action to make the venture succeed." *United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir. 2005). For the Government to establish that Kelley aided and abetted the use of the firearm, the prosecution had to prove that "the defendant 'acted with the knowledge or specific intent of advancing the use of the firearm.'" *Id.* at 758 (quoting *United States v. Sorrells*, 145 F.3d 744, 753 (5th Cir. 1998)). The evidence must include proof that the "defendant performed some affirmative act relating to the firearm." *Id.* (quoting *Sorrells*, 145 F.3d at 754).

There was evidence that Kelley knew his co-defendant, Benjamin Potts, possessed a firearm during the robberies. Witnesses from each robbery testified that Potts's firearm was visible. Additionally, Potts threatened to shoot witnesses during the robbery. There was also evidence that Kelley acted with the intent to advance the use of the firearm. He entered the banks with Potts disguised as an armored car guard. Kelley would remain at the door and keep control of the lobby while Potts robbed the bank vaults. Testimony from various witnesses established that Kelley ordered witnesses to sit on the floor. Kelley kept his hands in his pockets or at his waist throughout the robbery and was believed to have a gun. He threatened to harm witnesses if they did not comply with his orders and threatened to shoot one bank teller if she did not remain in the bank vault with Potts. Kelley also assisted Potts in obtaining keys to a bank vault and reaffirmed Potts's threats. The evidence is sufficient to establish that he acted with the knowledge and intent of advancing the use of the firearm.

No. 10-50725

Kelley's challenge to his conspiracy conviction fails because it is based on the assertion that the evidence was insufficient to establish a conspiracy to use, carry, or possess the firearm. The indictment reflects that Kelley was indicted for conspiracy to commit bank robbery. He was not indicted for conspiracy to use, carry, or possess a firearm during the bank robbery. Therefore, his argument fails.

The record is not devoid of evidence that Kelley aided and abetted the use, carrying, or possession of a firearm during bank robberies. Kelley's convictions do not constitute a manifest miscarriage of justice. *See Avants*, 367 F.3d at 449.

Accordingly, the judgment of the district court is AFFIRMED.